UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:18cr421T30 SPF

18 U.S.C. § 1956(h)

ROBERT H. BUTLER

# INFORMATION

The United States Attorney charges:

## COUNT ONE
### (Money Laundering Conspiracy, 18 U.S.C. § 1956(h))

### A. The Conspiracy

1. Beginning in or about June 2016, and continuing until in or about February 2017, in the Middle District of Florida and elsewhere, the defendant,

ROBERT H. BUTLER,

did knowingly and willfully combine, conspire, and agree with Deonte Baker, M.H., and others, both known and unknown to the United States Attorney, to commit offenses in violation of 18 U.S.C. § 1956, to wit:

a. to knowingly conduct and to attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute controlled substances and distribution of controlled substances in violation of 21 U.S.C. §§ 846 and 841, with the intent to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

b. to knowingly conduct and to attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances and distribution of controlled substances in violation of 21 U.S.C. §§ 846 and 841, knowing that the transactions were designed in whole or in part to conceal and to disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## B.  Manner and Means

2. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

    a. It was a part of the conspiracy that conspirator Baker would and did sell and deliver drugs—including, but not limited to a mixture and substance containing at least a detectable amount of cocaine, which is a Schedule II controlled substance—to conspirator Butler;

    b. It was further part of the conspiracy that conspirator Baker would and did recruit his girlfriends, including conspirator M.H. and others, to cash checks from conspirator Butler, which were, in whole or in part, payments for the drugs that Baker had sold to Butler;

    c. It was further part of the conspiracy that, during the conspiracy, conspirator Baker would and did direct conspirator Butler to write the checks to the other conspirators, including conspirator M.H. and others, who served as nominees to conceal or to disguise the nature of the transactions;

    d. It was further part of the conspiracy that conspirator M.H. and others cashed the checks at banks, including banks where conspirator Butler held account(s);

e. It was further part of the conspiracy that, for some transactions, conspirator Butler provided verbal authorization to the bank, by and through a bank representative, so the conspirator(s), including conspirator M.H. and others, could cash the check(s) and receive the funds, which were payments, in whole or in part, for drugs;

f. It was further part of the conspiracy that conspirators Baker, M.H., and others, both known and unknown, would and did share in the proceeds from the drug sales; and

g. It was further part of the conspiracy that conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1956(h).

## FORFEITURE

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 982(a)(1).

2. From his engagement in any or all of the violations alleged in Count One, the defendant,

ROBERT H. BUTLER,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense and any property traceable to such property.

3. The assets to be forfeited include, but are not limited to, an order of forfeiture in the amount of at least $140,490, which represents the amount involved in the offense.

4. If any of the forfeitable assets described above, as a result of any act or omission of the defendant:

        (a) cannot be located upon the exercise of due diligence;

        (b) has been transferred or sold to, or deposited with, a third person;

        (c) has been placed beyond the jurisdiction of the Court;

        (d) has been substantially diminished in value; or

        (e) has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Kristen A. Fiore
Assistant United States Attorney

By: _____
Jay G. Trezevant
Assistant United States Attorney
Chief, Economic Crimes Section